IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Mandy Wideman f/k/a Mandy Nichole Herring, | ) ) ) | Civil Action No. 2:12-1938-TMC |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER** |
| Carolyn W. Colvin,[1] Acting Commissioner of Social Security Administration, | ) ) ) ) | |
| Defendant. | ) ) ) | |

Plaintiff Mandy Wideman f/k/a Mandy Nichole Herring ("Wideman") brought this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act ("SSA"). This matter is before the court for review of the Report and Recommendation ("Report") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of social security cases in this district. (ECF No. 21).[2] The magistrate judge recommends affirming the Commissioner's decision denying benefits.

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Federal Rule of Civil Procedure 25(d), Colvin should be substituted for Michael J. Astrue as the defendant in this action.

[2] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## I. Background

Wideman filed an application for DIB and SSI on March 4, 2009, alleging a disability onset date of February 1, 2007. Her application was denied initially and on reconsideration. Wideman requested review by an administrative law judge ("ALJ") and a hearing was held before an ALJ on September 8, 2010.

On October 1, 2010, the ALJ denied Wideman's claim finding her not disabled under the SSA.  The ALJ found that Wideman suffered from the severe impairments of Guillian-Barre syndrome; chronic cough of uncertain etiology and plantar fasciitis. However, the ALJ found that Wideman's impairments did not meet or were medically equal to the criteria for any of the listed impairments. Accordingly, the ALJ proceeded to assess Wideman's residual functional capacity ("RFC").  The ALJ found that Wideman could perform a reduced range of light work and could not perform her past relevant work. The ALJ, however, determined that Wideman could perform other jobs in existence in the national economy in significant numbers, and therefore, denied her disability claim.

Wideman sought review of the ALJ's decision by the Appeals Council.  On May 8, 2012, the Appeals Council declined to review the ALJ's decision.  Wideman then filed this action for judicial review on July 11, 2012.  In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated here by reference.  Wideman filed objections to the Report on January 25, 2014 (ECF No. 22), and the Commissioner filed a response to those objections on February 18, 2014 (ECF No. 24).  This matter is now ripe for review.

## II. Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the SSA.  Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security

as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

### III. Analysis

In her objections, Wideman contends that the magistrate judge erred by finding that 1) the ALJ properly considered Wideman's diagnosis of hypothyroidism; 2) the ALJ properly considered the combination of Wideman's impairments; 3) the ALJ properly assessed Wideman's credibility; 4) the ALJ properly assessed Wideman's RFC; and 5) the ALJ properly relied upon the Medical-Vocational Guidelines ("Grids").

Wideman first contends that the ALJ erred at step two of the sequential analysis by failing to find her hypothyroidism a severe impairment. (Objections at 5-6). A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic

work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). A non-severe impairment is defined as one that "does not significantly limit [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a), 416.921(a). A severe impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms." 20 C.F.R. §§ 404.1508, 416.908. It is the claimant's burden to prove that she suffers from a medically-severe impairment. *Bowen v. Yuckert*, 482 U.S. 137, 145 n. 5 (1987).

The medical evidence in the record shows, at most, a diagnosis of hypothyroidism, which, standing alone, does not support finding that it is a severe impairment. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (noting that "[t]he mere diagnosis of [an impairment], of course, says nothing about the severity of the condition"). No medical evidence of record suggests that Wideman's hypothyroidism had more than a minimal impact on her ability to perform basic work activities.

Furthermore, to the extent that the ALJ may have erred in finding Wideman's hypothyroidism to be non-severe, Wideman has suffered no harm. *See Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (affirming denial of benefits where the ALJ erred in evaluating a claimant's pain because "he would have reached the same result notwithstanding his initial error"). A finding of a single severe impairment at step two of the sequential evaluation is enough to ensure that the factfinder will progress to step three. *See Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) ("[A]ny error here became harmless when the ALJ reached the

proper conclusion that [claimant] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence.").

Next, Wideman contends the magistrate judge erred in finding the ALJ adequately addressed Wideman's impairments in combination. Wideman contends the ALJ simply set forth the standard for considering impairments in combination and concluded without any analysis that Wideman does not have an impairment or combination of impairments rendering her disabled. (Objections at 7).

It is well-settled that he ALJ must consider the combined effect of those impairments in determining whether the claimant is disabled. 20 C.F.R. § 416.923; *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir.1989). "[T]he ALJ must adequately explain his or her evaluation of the combined effects of the impairments." *Id.* at 50 (citing *Reichenbach v. Heckler*, 808 F.2d 309, 312 (4th Cir.1985)). "The ALJ's duty to consider the combined effect of Plaintiff's multiple impairments is not limited to one particular aspect of its review, but is to continue 'throughout the disability process.'" *Mazyck v. Astrue*, C/A No. 8:10-cv-2780-TMC, 2012 WL 315648, at *2 (D.S.C. Feb. 1, 2012) (citing 20 C.F.R. § 404.1523). However, "an ALJ need not explicitly state that he or she has considered a claimant's impairments in combination. What matters is whether it is discernible from the ALJ's decision that he or she did so." *Jones v. Astrue*, C/A No. 7:10-cv-0313, 2011 WL 1877677, at *12 (W.D .Va. May 17, 2011).

When considering whether the ALJ properly considered the combined effect of impairments, the decision must be read as a whole. *See Brown v. Astrue*, C/A No. 0:10-cv-1584-RBH, 2012 WL 3716792, *6 (D.S.C. Aug.28, 2012) ("Accordingly, the adequacy requirement of *Walker* is met if it is clear from the decision as a whole that the Commissioner considered the combined effect of a claimant's impairments.") (*citing Green v. Chater*, 64 F.3d 657, 1995 WL

478032, at *3 (4th Cir. Aug.14, 1995)).   Here, the  court agrees with the magistrate judge, and finds the ALJ's overall discussion and analysis to be sufficient to demonstrate that he considered Plaintiff's impairments in combination. *See Thornsberry v. Astrue*, C/A No. 4:08-4075-HMH-TER, 2010 WL 146483, *5 (D.S.C. Jan.12, 2010) (unpublished) (holding that "while the ALJ could have been more explicit in stating that his discussion dealt with the combination of [claimant's] impairments, his overall findings adequately evaluate the combined effect of [claimant's] impairments."). *See also Brown v. Astrue*, C/A No. 1:11-3245-JMC-SVH, 2013 WL 642189, at *9 (D.S.C.  Jan.31, 2013) (recognizing that "[r]ecently, courts in this District have been refining their interpretation of *Walker*." )

As to the ALJ's determination of credibility, Wideman contends the ALJ erred in his assessment of her credibility.  Specifically, Wideman contends that the ALJ improperly relied upon objective medical evidence and engaged in cherry-picking, rather considering the entire record. (Objections at 4-5).

The Fourth Circuit has held that once a plaintiff meets the "threshold obligation of showing by objective medical evidence a condition reasonably likely to cause the pain claimed, [Plaintiff is] entitled to rely exclusively on subjective evidence to prove the second part of the test, i.e., that [the] pain is so continuous and/or severe that it prevents [Plaintiff] from working a full . . . day." *Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006).

> While objective evidence is not mandatory at the second step of the test, [t]his is not to say, however, that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work. They most certainly are. Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers.

*Hines v. Barnhart*, 453 F.3d 559, 565 n.3 (4th Cir. 2006)(*citing Craig v. Chater*, 76 F.3d 585, 595 (4th Cir. 1996)). As the magistrate judge found, the ALJ properly relied upon inconsistencies between Wideman's testimony and objective medical evidence and her daily activities in discrediting Wideman. The court fails to see the "severe and obvious cherry-picking of the record" as Wideman alleges. (Objections at 5). Wideman is essentially asking the court to read the evidence differently, which is not the role of this court. *See Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (stating that the reviewing court should not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency) (citation omitted).

Wideman's remaining objections to the Report are duplicative of the issues that were presented to and addressed in depth by the magistrate judge in her report. Having reviewed the record in light of these objections, and under the appropriate standards, the court concurs with both the reasoning and the result reached by the magistrate judge in her Report. The ALJ's decision is supported by substantial evidence.

Therefore, after a thorough review of the record, the court adopts the Report and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

February 24, 2014
Anderson, South Carolina